**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JIRIES ABU-JOUDEH,

    Plaintiff,

  v.                                                        Case No. 16-13893

HEATHER SCHNEIDER, et al.,

    Defendants.
                                            /

**ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE AND
DENYING WITHOUT PREJUDICE MOTIONS TO COMPEL**

This is a civil rights action under 42 U.S.C. §§ 1983 & 1985. Plaintiff Jiries Abu Joudeh has filed a motion requesting that the court authorize alternative service against Defendant Scott Sheets. (Dkt. # 18.) All other Defendants have been properly served and have filed an answer to the complaint (Dkt. # 8).

The Federal Rules of Civil Procedure allow a plaintiff to serve a defendant with the complaint by any method permitted by the state in which the federal court is located. Fed. R. Civ. P. 4(e)(1). When a plaintiff in Michigan can make "a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Mich. Ct. R. 201(I)(1).

The court denied an earlier motion for alternative service by Plaintiff (Dkt. # 13) in a text-only order entered February 17, 2017. The court noted that a single visit to Defendant's home address was insufficient to support substituted service. Plaintiff's

instant motion, however, is supported by affidavit of a private investigator stating that in addition to the insufficient single attempt that had gone before, the affiant knocked on Defendant's door twice more in February and once in mid-March, together with the belief that Defendant was home at the time. (Dkt. ## 17, 18-3.) The additional efforts are desultory at best, but court is at least minimally satisfied that Plaintiff cannot reasonably effect service by the ordinary means. The court will authorize substitute service that comports with the "reasonably calculated" standard required by Due Process and the Michigan Court Rules. *See Dusenberry v. United States*, 534 U.S. 161, 168-69 (2002); Mich. Ct. R. 201(I)(1).

Also before the court are two motions to compel discovery filed by Defendants. (Dkt. ## 15, 16.) Parties may not seek discovery before the conference required by Federal Rule of Civil Procedure 26(f) unless otherwise authorized by the rules, by stipulation, or by court order. Fed. R. Civ. P. 26(d). Nothing in the record suggests that the parties have met for the Rule 26(f) conference, no scheduling order is in place, and the court is unaware of any stipulated early discovery. Neither motion speaks to these questions. The court concludes that the motions are premature, and will deny them without prejudice. Accordingly,

IT IS ORDERED that Plaintiff's motion for alternative service (Dkt. # 17) is GRANTED. Plaintiff is authorized to serve Defendant Sheets through (1) posting on the front door by posting on the front door one copy of each of the summons, the complaint, and this opinion in a transparent waterproof envelope, firmly affixing it to the door with non-destructive adhesive tape; (2) delivering one copy of the papers to the residence by

First Class mail; and (3) delivering one copy of the papers to the residence by FedEx, UPS, or DSL courier service.

IT IS FURTHER ORDERED that Plaintiff continue to visually monitor the residence and take note of the day on which the posted notice has apparently been removed; Plaintiff shall promptly inform the court of such observation by means of a short memorandum filed on the docket.

IT IS FURTHER ORDERED that the time for service is EXTENDED pursuant to Federal Rule of Civil Procedure 4(m). The deadline for timely service, executed in the manner described above, is set for one week from the date of entry of this order.

IT IS FURTHER ORDERED that Defendants' motions to compel (Dkt. ## 15, 16) are DENIED WITHOUT PREJUDICE as premature in that no Scheduling Order is yet in place. Fed R. Civ. P 26(d)(1). The parties, however, are free to voluntarily exchange discovery demands before the 26(f) conference.

                                                s/Robert H. Cleland                /
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated: April 13, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 13, 2017, by electronic and/or ordinary mail.

                                                s/Lisa Wagner                   /
                                                Case Manager and Deputy Clerk
                                                (810) 292-6522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\16-13893.ABU-JOUDEH.authorize.alternative.service.deny.without.prejudice.compel.TLH.RHC.docx

3