UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIRIES ABU-JOUDEH,

      Plaintiff,             Case No. 16-13893
                                 Honorable Robert H. Cleland
v.                            Magistrate Judge Elizabeth A. Stafford

HEATHER SCHNEIDER,
*et al.*,

      Defendants.

_____/

**REPORT AND RECOMMENDATION TO GRANT IN PART
AND DENY IN PART DEFENDANT SCOTT SHEETS'
MOTION FOR SUMMARY JUDGMENT, AND TO GRANT
DEFENDANTS MICHAEL EDWARDS, PATRICK LEAVECK
AND BEST RECOVERY SERVICES'
MOTION FOR SUMMARY JUDGMENT [ECF NOS. 55, 57]**

## I.    Introduction

Plaintiff Jires Abu-Joudeh sues Scott Sheets, Michael Edwards,

Patrick Leaveck and Best Recovery under 42 U.S.C. §§ 1983 and 1985,

alleging that they violated his civil rights. [ECF No. 1].[1]   Defendants have

moved for summary judgment and the Honorable Robert H. Cleland

referred the motions to the undersigned for a report and recommendation.

_____

[1]Defendants Rick Sebring and Heather Schneider were dismissed by
stipulation of the parties.  [ECF Nos. 60-61].

[ECF No. 55, 57, 68, 69].  The Court recommends that Sheets' motion be granted in part and denied in part, and that summary judgment be granted in favor of the remaining defendants.

## II.   Background

Edwards and Leaveck, who worked for Best Recovery, tried to repossess Abu-Joureh's truck.  While protesting the repossession outside his home, Abu-Joureh instructed his wife, Yasmeen Abu-Joureh, to get his gun and allegedly slapped her when she refused.  [ECF No. 55-7, PageID.402].  Leaveck then called 911 for police assistance, and Abu-Joureh drove his truck into the garage and closed the garage door before the police arrived.  [*Id.*, PageID.402-03; ECF No. 64-6, PageID.634-35].

An officer of the Michigan State Police Department and another from the Village of Capac Police Department (a female) responded to the 911 call.  Abu-Joureh does not deny that he struck the Michigan State officer in the chest, causing a struggle and leading to Abu-Joureh's arrest.  [ECF No. 64, PageID.584].  After the struggle, Sheets (of the Memphis Police Department), a fourth officer (identity unknown) and EMS personnel arrived.  [ECF No. 55-7, PageID.404; ECF No. 56, PageID.448].  Edwards and Leaveck then repossessed the truck from the garage.

2

Abu-Joureh alleges Sheets opened and entered the garage to assist Edwards and Leaveck in repossessing the truck.  Sheets denies this allegation.  For the purposes of the motions at issue, this is the only material factual dispute.

## III.   Analysis

### A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must identify particular portions of the record that show the absence of a genuine dispute as to any material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial.  *Id.* at 324.  The Court must view the factual evidence in the

light most favorable to the non-moving party.  *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Count I of Abu-Joureh's complaint alleges that Sheets conducted an illegal search and seizure of the garage in violation of the Fourth Amendment.  [ECF No. 1, PageID.6-7].  In Count II, Abu-Joureh alleged that defendants violated his civil rights and conspired to do so in violation of 42 U.S.C. § 1985.  [*Id.*, PageID.8-9].  For the reasons below, Sheets' motion should be denied as it pertains to Count I, but summary judgment of Count II should be granted.

## B.

In their motions, defendants point out that Abu-Joureh would need to show that the alleged conspiracy was motivated by racial or class-based animus to sustain his Count I Section 1985 claim.  [ECF No. 55, PageID.361, citing *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994); ECF No. 57, citing *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999)].  In his responses, Abu-Joureh conceded that Count II should be dismissed, but he moved to amend his complaint to add new claims against Edwards and Leaveck.  [ECF No. 63; ECF No. 64, PageID.581, n. 1; ECF No. 65, PageID.655].  Judge Cleland denied Abu-Joureh's motion for leave to amend.  [ECF No. 68].  For these reasons,

4

summary judgment of Count II should be granted, leaving only Count I

against Sheets for consideration.

### C.

Under the Fourth Amendment, "no Warrants shall issue, but upon

probable cause, supported by Oath or affirmation, and particularly

describing the place to be searched, and the persons or things to be

seized." U.S. Const. amend. IV.  The "chief evil" deterred by the Fourth

Amendment is the physical invasion of the home, and thus "searches and

seizures inside a home without a warrant are presumptively unreasonable."

*Payton v. New York*, 445 U.S. 573, 585-86 (1980).  A garage is part of the

curtilage of a home "under the umbrella of the Fourth Amendment

protections."  *Mallory v. City of Riverside*, 35 F. Supp. 3d 910, 929 (S.D.

Ohio 2014).[2]

Here, the officers lacked a warrant to physically invade Abu-Joureh's

garage or assist in the seizure of his truck; these actions by an officer

---

[2] In his motion, Sheets argues that Abu-Joureh's truck was returned to him
within 24 hours and that he has presented insufficient evidence that his
garage was damaged.  These arguments are irrelevant to whether
summary judgment of Count I should be granted.  Although Abu-Joureh's
complaint does allege that the garage was damaged, the violation
described in Count I is "search and seizure without probable cause."  [ECF
No. 1, PageID.6].  Proof of damage beyond the alleged constitutional
violation is unnecessary to sustain the claim.

would be presumptively unreasonable. *Payton*, 445 U.S. at 585-86.

Sheets makes no legal argument to rebut this presumption.  Instead, he

denies opening or entering Abu-Joureh's garage without consent and

asserts, "Plaintiff cannot come forward with any evidence to support the

Complaint allegation that Officer Sheets entered his garage."  [ECF No. 55-

10; ECF No. 55, PageID.359].  The Court disagrees.

During her deposition, Yasmeen testified to seeing an officer with a

metal bar breaking the lock to the garage.  [ECF No. 56, PageID.449-51].

The officer who broke into the garage was not one of the two who arrested

Abu-Joureh; it was the third officer to arrive at the house.  [*Id.*, PageID.449-

50].  Yasmeen described the officer who broke the door as being not too

tall, thin or heavy, as being partially bald and as having dirty-blondish hair.

[*Id.*, PageID.451].  Although she said that she did not see the officer enter

the truck, she testified that "[h]e was with them [the repo men] in the

garage" and that he brought her medication that had been in the truck.  [*Id.,*

PageID.452].[3]

---

[3] In a later declaration, Yasmeen states that she now knows that Sheets was the officer she saw open the garage because she identified him in a scene photograph.  [ECF Nos. 64-7; 64-9].  Sheets correctly argues that the declaration is invalid because it is not properly signed or notarized. See *Trustees of Iron Workers Local 25 Pension Fund v. Crawford Door Sales*, Inc., No. 09-CV-12370-DT, 2010 WL 1526363, at *5 n. 2 (E.D. Mich. Apr.

Leaveck corroborated Yasmeen's testimony that a male officer who was not a state trooper opened the garage.  [ECF No. 64-8, PageID.643]. That leaves Sheets and the unknown fourth officer as the possible culprits.

Sheets is correct that neither Yasmeen or Leaveck could provide the name or department of the officer who opened the garage during their depositions.  [*Id.*; ECF No. 56, PageID.448, 454-55].  It is also true that, "[a]s a general rule, mere presence at the scene of a search, without a showing of direct responsibility for the action, will not subject an officer to liability."  *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010) (internal quotation marks and citations omitted).  But Abu-Joureh need not provide specific identifying information to create a question of fact about whether Sheets was the officer who opened the garage.  The Court draws this conclusion from several other cases in which the plaintiffs could not specify the officers who allegedly violated their Fourth Amendment rights.

In *Binay*, an officer's motion for summary judgment was denied even though the plaintiffs could not "identify with precision" which of the mask-wearing officers "engaged in which conduct."  601 F.3d at 651.  The trial court held that because the officer "was in the room with Plaintiffs during

_____

16, 2010), *amended,* No. 09-CV-12370, 2010 WL 3488963 (E.D. Mich. Sept. 3, 2010).  The Court thus does not consider the declaration.

the interrogation and at the time Plaintiffs were handcuffed, a question of fact remains as to whether he was involved in the constitutional violation." *Id.* The Sixth Circuit upheld this holding. *Id.*

Similarly, in *Pershell v. Cook*, 430 F. App'x 410, 416 (6th Cir. 2011), the plaintiff could not see the officers standing above and behind him while he was sustaining blows to his body, but "he provided significant information about the location and conduct of the officers based on his own sensory observations. Further, the officers themselves provide accounts of the incident."  This provided "the jury with sufficient information to determine the liability of each individual defendant for the alleged constitutional violation." *Id.*

The district court in *McLeod v. Benjamin*, No. 1:15-CV-639, 2016 WL 6947546, at *6 (W.D. Mich. Nov. 28, 2016), denied summary judgment to three officers who met the description of the one who allegedly used excessive force even though the plaintiff could not specify which one was the alleged wrongdoer.  *Id.*  And in *Senk v. Vill. of Northfield*, 961 F.2d 1578 (6th Cir. 1992), the Sixth Circuit rejected two officers' motion for summary judgment even though the plaintiff provided no specifics about their participation in the alleged beating. The Court reasoned, "Only five officers were present at the time, and Officers May and Rinehardt were among that

8

number; Mr. Lucas' statement thus raises an issue of fact as to whether they participated in illegal conduct." *Id.*

Here, it is undisputed that Sheets was at Abu-Joureh's house when the garage was forced open and the truck was taken. Yasmeen identified the officer who opened the garage without consent as being the third officer to arrive and she gave a physical description. Sheets does not argue that he does not fit that description. *See McLeod*, 2016 WL 6947546 at *6 (granting summary judgment to officers who did not fit description of officer who allegedly used excessive force). And Leaveck's testimony corroborates that the officer who opened the garage door was not a state trooper and was a male, meaning that it could only have been Sheets or the unidentified officer who opened the door.

Sheets cites no authority suggesting that Abu-Joureh's witnesses needed to specify his (Sheets') name and police department, or to exclude the possibility that another officer opened the garage door, in order to create as issue of fact. Based on the legal authority cited here, Abu-Joureh has presented sufficient evidence for a jury to decide if Sheets opened the door to the garage to facilitate the repossession, and his motion for summary judgment of Count I of the complaint should be denied.

## IV.   Conclusion

The Court recommends that Sheets' motion for summary judgment **[ECF No. 55]** be **GRANTED IN PART** and **DENIED IN PART**, and that the remaining defendants' motion for summary judgment **[ECF No. 57]** be **GRANTED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: January 16, 2019

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers*

*Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.