**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JIREIES ABU-JOUDEH,

    Plaintiff,

v.                                                                 Case No. 16-13893

HEATHER SCHNEIDER, et al.,

    Defendants.
_____/

**OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION, GRANTING DEFENDANT SHEETS'S OBJECTIONS, AND GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

The remaining Defendants in this civil rights case filed motions for summary judgment (Dkt. #55, 57.) The court referred these outstanding motions to Magistrate Judge Stafford for report and recommendation. (Dkt. #69.) The Magistrate Judge promptly issued a Report and Recommendation ("R&R") that recommends granting summary judgment for all Defendants on Count II (civil conspiracy claim) and denying summary judgment for Defendant Scott Sheets on Count I (illegal search claim). (Dkt. #76.) Defendant Sheets timely filed objections to the R&R which raise four arguments. (Dkt. #77.) After reviewing the R&R and the parties' filings, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will adopt the R&R in part, grant Sheets's objections, and grant Defendants' motions for summary judgment.

## I. STANDARD

The filing of timely objections to an R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2015); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

In order for this court to apply meaningful de novo review, it is insufficient for the objecting party to simply incorporate by reference earlier pleadings or reproduce an earlier unsuccessful motion for dismissal or judgment or response to the other party's dispositive motion. *See Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (collecting cases from the Eastern District of Michigan). Insufficient objections to a magistrate judge's analysis will ordinarily be treated by the court as an unavailing general objection. *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement.").

## II. DISCUSSION

Sheets's timely objections raise four arguments in response to the R&R. The court will first dispose of Sheets's fourth argument in which Sheets challenges the Magistrate Judge's comment that evidence related to Plaintiff's alleged property damage resulting from the search is "irrelevant" for purposes of summary judgment.

(Dkt. #76, PageID 844.) The court finds that the Magistrate Judge's comment is a correct statement of law. Plaintiff need not prove property damage to state a claim under the Fourth Amendment. *See Baranski v. Fifteen Unknown Agents of the BATF*, 452 F.3d 433, 462 (6th Cir. 2006) (noting that a plaintiff "can seek damages for impaired reputation and mental anguish as well as punitive damages attributable to the means by which [the defendants] effected the search and seizure.").

The other arguments Sheets raises challenge both the Magistrate Judge's recommendation that Sheets's motion for summary judgment on Count I (illegal search claim) be denied and the proposed findings relied on by the Magistrate Judge in reaching this recommendation. At their core, Sheets's arguments relate to the Magistrate Judge's recommendation that Plaintiff need not specifically identify Sheets as the individual who broke into Plaintiff's garage to survive summary judgment. As explained below, the court disagrees and will grant Sheets's motion for summary judgment because the court finds that specific identification is necessary for Plaintiff's claim to survive.

Sheets first challenges the Magistrate Judge's proposed findings related to the testimony of Plaintiff's wife, Mrs. Yasmeen Abu-Joudeh. Sheets argues that the Magistrate Judge mischaracterizes the deposition testimony of Mrs. Abu-Joudeh in stating that Mrs. Abu-Joudeh testified to seeing "an officer with a metal bar breaking into the garage" and also in stating that Mrs. Abu-Joudeh testified that the third officer to arrive on the scene broke into Plaintiff's garage. (Dkt. #76, PageID 845.)

In her deposition, Mrs. Abu-Joudeh initially stated she saw the third officer to arrive on the scene unsuccessfully attempt to open an electric door on Plaintiff's garage

with a crow bar. (Dkt. #77-1, 878.) Mrs. Abu-Joudeh further testified that this third officer, along with two tow truck drivers, ultimately entered the garage through another door after one of these individuals broke a lock on that garage door. *Id*. However, Mrs. Abu-Joudeh did not see these individuals enter the garage and could not state which individual—the third officer or one of the tow truck drivers—actually broke the lock. (*Id*. "There were, like three guys standing there. Who broke it? I don't know".) Thus, the court agrees with Sheets that the Magistrate Judge's proposed finding that the third officer broke into the garage is not an accurate reading of Mrs. Abu-Joudeh's testimony because Mrs. Abu-Joudeh could not state with certainty whether the third officer or one of the tow truck drivers broke the lock.

Sheets also argues that the Magistrate Judge mischaracterizes the testimony of Defendant Patrick Leaveck in stating that Leaveck corroborated Mrs. Abu-Joudeh's testimony "that a male officer who was not a state trooper opened the garage." (Dkt. #76, PageID 846.) As explained above, Mrs. Abu-Joudeh does not specifically state that she saw the third officer open the garage. Thus, to the extent that the Magistrate Judge asserts that either Mrs. Abu- Joudeh or Defendant Leaveck conclusively stated that the third officer opened the garage, such a finding is not supported by the record.

Both of these proposed findings, however, seem somewhat irrelevant because neither Plaintiff, Mrs. Abu-Joudeh, nor Leaveck identified Sheets as this third officer. At her deposition, Mrs. Abu-Joudeh did not even recognize Sheets's name. (Dkt. #77-1, PageID 880.) Therefore, even if the testimony could be read to support that the third officer broke the lock on the garage door, no testimony identifies Sheets as this third officer.

4

The Magistrate Judge correctly observes that neither Plaintiff, Mrs. Abu-Joudeh, nor Defendant Leaveck identified Sheets as the individual who broke the lock on Plaintiff's garage. The Magistrate Judge also correctly notes that "[a]s a general rule, mere presence at the scene of a search, without a showing of direct responsibility for the action, will not subject an officer to liability." *Davis v. Butler Cty.*, Ohio, 658 F. App'x 208, 214 (6th Cir. 2016) (internal citations omitted.) However, the court disagrees with the Magistrate Judge's conclusion that Plaintiff "need not provide specific identifying information to create a question of fact about whether Sheets was the officer who opened the garage." (Dkt. #76, PageID 846.) In reaching this conclusion, the Magistrate Judge relies on excessive force cases. Sheets argues that such cases are not analogous to the illegal search claim at issue, and the court agrees for several reasons.

First, under a theory of failure to intervene, an officer's mere presence at the scene may be sufficient to impose liability even if the officer does not participate in the physical conduct alleged. *See Kowolonek v. Moore*, 463 F. App'x 531, 539 (6th Cir. 2012) (summarizing Sixth Circuit failure to intervene case law). By comparison, illegal search claims require a plaintiff to allege specific conduct attributable to a specific defendant. *See Davis*, 658 F. App'x at 214 (affirming summary dismissal of illegal search claim) ("[A]n officer's individual liability under § 1983 must be assessed based on his or her own actions."*).* Second, the cases relied on by the Magistrate Judge involve situations in which the officers' actions impede the plaintiff's ability to identify
5

them.[1] In such cases "the Sixth Circuit has been hesitant to rule against plaintiffs who 'fail to allege specific conduct by each officer when the officers' actions have made them impossible to identify." *Terry v. City of Detroit*, No. 17-cv-11450, 2018 WL 2239559, at *2 (E.D. Mich. May 16, 2018) (quoting *Greer v. City of Highland Park*, 884 F.3d 310, 315–16 (6th Cir. 2018). Here, Plaintiff has not alleged that Sheets's conduct made him difficult to identify—Plaintiff and his wife simply did not see the individual who they claim broke into their garage.

The court's determination that excessive force cases are not comparable to the instant case is primarily guided by Sixth Circuit precedent that "the mere presence at the scene of a search, without a showing of direct responsibility for the action, will not subject an officer to liability." *Davis*, 658 F. App'x at 214. The court is also guided by persuasive precedent involving unreasonable strip searches, which the court finds more analogous to the case at hand. For example, in *Vogeler v. Colbath*, 2005 U.S. Dist. LEXIS 44658 (S.D.N.Y. Oct. 6, 2005), the plaintiff's Fourth Amendment claim could not survive summary judgment, even though the named officer was present during the search, because the plaintiff could not identify who conducted the search. *Id*. at *24. Similarly, in *Rivera v. Samilo*, No. 16-CV-1105, 2018 U.S. Dist. LEXIS 59165 (E.D.N.Y. Mar. 30, 2018), the court opined that plaintiff's unreasonable search claim could not

---

[1] The Magistrate Judge relies on the following cases: *Binay v. Bettendorf*. 601 F. 3d 640, 650 (6th Cir. 2010) (officers wore masks); *Pershell v. Cook*, 430 F. App'x 410, 416 (6th Cir. 2011) (officers assaulted plaintiff from behind); *McLeod v. Benjamin*, No. 15-639, 2016 WL 6947546, at *5 (W.D. Mich. Nov. 28, 2016) (plaintiff was lying face down on ground when officer cuffed her and pulled her to her feet). In all of these cases, the officers' conduct makes them difficult to identify. The Magistrate Judge also relies on *Senk v. Will of Northfield*, 961 F. 2d 1578 (6th Cir. 1992), but this case is distinguishable because all of the named officers were alleged to have participated in the unlawful conduct. By comparison, Plaintiff alleges that only one officer broke into his garage.

survive summary judgment because the plaintiff failed to identify which defendant conducted the search. *Id.* at *27 n.8. By contrast, in *Johns v. Harvey*, No. 15-12924, 2018 WL 659246 (E.D. Mich. Feb. 1, 2018), an unreasonable search claim survived summary judgment, even though plaintiff could not identify which officers conducted the search, because documentation authorizing the search bore the signatures of the named officers, Plaintiff alleged that the officers were present during the search, and the named officers failed to offer affirmative testimony refuting that they signed the authorization form. *Id.* at *6. In *Johns*, the court ruled that the officers' alleged presence during the search, coupled with their signatures on the search authorization form, sufficed to create a sufficient dispute of material fact. *Id.* Here, Plaintiff has failed to proffer comparable evidence to create a triable issue of fact.

To survive summary judgment, Plaintiff must put forth more than a "scintilla" of evidence to suggest that Sheets opened the garage, and Plaintiff cannot rely on speculation or conjecture to create a triable issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Allen v. Wal-Mart Stores, Inc.*, 602 F. App'x 617, 621 (6th Cir. 2015). At best, the deposition testimony relied on by Plaintiff suggests that the unknown third officer broke the lock on a door to Plaintiff's garage. Absent from this testimony is any specific allegation or identification of Sheets as either this third officer or as the individual who opened the garage. Plaintiff's uncertain and speculative testimony is not sufficient to create a triable issue and, therefore, the claim cannot survive summary judgment.

## III. CONCLUSION

Plaintiff has not provided sufficient evidence to raise a triable issue about whether Defendant Sheets opened Plaintiff's garage. Accordingly,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation is ADOPTED IN PART AND REJECTED IN PART. It is ADOPTED as to its recommendation that summary judgment be granted for Defendants Best Recovery Services, LLC, Michael Edwards, and Patrick Leaveck on all counts and that summary judgment be granted for Defendant Sheets on Count II. It is REJECTED as to its recommendation that summary judgment be denied for Defendant Sheets on Count I.

IT IS ORDERED that Defendant Sheets's objections (Dkt. #77) are GRANTED.

IT IS FURTHER ORDERED that Defendants' motions for summary judgment (Dkt. #55, 57) are GRANTED. This ruling disposes of all Plaintiff's claims against the remaining defendants. A separate judgment will issue.

                                             s/Robert H. Cleland
                                             ROBERT H. CLELAND
                                             UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 8, 2019, by electronic and/or ordinary mail.

                                             s/Lisa Wagner
                                             Case Manager and Deputy Clerk
                                             (810) 292-6522

S:\Cleland\Cleland\HEK\Civil\16-13893.ABU-JOUDEH.adopt.in.part.R&R.HEK.docx